# UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: ROBERT J. SABO and KAREN E. SABO § § § § Case No. 18-11175
Hon. TIMOTHY A. BARNES
Chapter 7

Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 13 of the United States Bankruptcy Code was filed on 04/17/2018. The case was converted to one under Chapter 7 on 05/17/2018. The undersigned trustee was appointed on 05/17/2018.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S. C. § 522, or have been or will be abandoned pursuant to 11 U.S. C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of      $12,968.40

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | |
| Administrative expenses | |
| Bank Service Fees | $69.81 |
| Other payments to creditors | |
| Non-estate funds paid to 3rd Parties | |
| Exemptions paid to the debtor | |
| Other payments to the debtor | |
| Leaving a balance on hand of [1] | $12,898.59 |

The remaining funds are available for distribution.

UST Form 101-7-TFR (5/1/2011)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 09/28/2018 and the deadline for filing governmental claims was 10/15/2018. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,046.84. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,046.84, for a total compensation of $2,046.84 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $28.03, for total expenses of $28.03 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/16/2018    By: /s/ ALLAN J. DeMARS
                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

**EXHIBIT "A" FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Case No. 18-11175

Case Name: ROBERT J. and KAREN E. SABO

For Period Ending: 3/31/19

Trustee Name: Allan J. DeMars

Date Filed (f) or Converted (c): 5/17/18 (c)

§341(a) Meeting Date: 6/27/18

Claims Bar Date: 9/28/18; GOVT 5/17/18

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref # | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon DA=§ 554(c) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | Residence at 310 Sunset Northbrook, IL | 1,150,000.00 | 0.00 | | | FA |
| 2 | household goods | 3,400.00 | 0.00 | | | FA |
| 3 | household electronics | 950.00 | 0.00 | | | FA |
| 4 | Smith and Wesson 38C | 200.00 | 0.00 | | | FA |
| 5 | wearing apparel | 1,000.00 | 0.00 | | | FA |
| 6 | ring | 250.00 | 0.00 | | | FA |
| 7 | tools | 500.00 | 0.00 | | | FA |
| 8 | checking Consumers Credit Union | 0.00 | 0.00 | | | FA |
| 9 | checking USAA Bank | 1,950.00 | 0.00 | | | FA |
| 10 | checking Chase Bank | 20.00 | 0.00 | | | FA |
| 11 | Fidelity Investment living trust | 12.41 | 0.00 | | | FA |
| 12 | IRA Ameritrade | 26.97 | 0.00 | | | FA |
| 13 | Illinois drivers license | 0.00 | 0.00 | | | FA |
| 14 | Northwestern Mutual term policy | 0.00 | 0.00 | | | FA |
| 15 | Northwestern Mutual disability insurance | 0.00 | 0.00 | | | FA |
| 16 | Contract for Design Work | unknown | 12,968.40 | | 12,968.40 | FA |

TOTALS (Excluding unknown values)      12,968.40      12,968.40

(Total Dollar Amount in Column 6)

EXHIBIT "B" – FORM 2

**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 18-11175  
Case Name: ROBERT J. and KAREN E. SABO  
Taxpayer ID#: xx-xxx4064  
For Period Ending: 3/31/19  

Trustee's Name: Allan J. DeMars  
Bank Name: Associated Bank  
Initial CD #: CDI  
Blanket bond (per case limit): 5,000,000  
Separate bond (if applicable):  
Checking Acct#: xxxx xxx 912  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking Acct Balance |
| 7/24/18 | Ref 16 | Chicago Title | forwarding contract for design work | 1229-000 | 12,968.40 | | 12,968.40 |
| 7/27/18 | | Associated Bank | bank check printing fee | 2600-000 | | 51.81 | 12,916.59 |
| 8/14/18 | | Associated Bank | bank service fee | 2600-000 | | 3.00 | 12,913.59 |
| 9/17/18 | | Associated Bank | bank service fee | 2600-000 | | 15.00 | 12,898.59 |
| | | | | | | | |
| | | | | | | | |

COLUMN TOTALS    12,968.40    69.81    12,898.59

Less: Bank transfers/CD  
Subtotal  
Less: Payments to debtor(s)  
Net    12,968.40    69.81    12,898.59

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | BALANCES |
|---|---|---|---|
| Checking# xxxx xxx 912 | 12,968.40 | 69.81 | 12,898.59 |
| Money Market # | | | |
| Savings # | | | |
| CD #CDI | | | |
| Net | 12,968.40 | 69.81 | 12,898.59 |
| | Excludes account transfers | Excludes payments to debtor | Total Funds on Hand |

EXHIBIT C: CLAIMS REVIEW ANALYSIS

| CLAIM # | NAME | AMOUNT | PROPOSED DIST. |
|---|---|---|---|
|  | ADMINISTRATIVE/FEES |  |  |
|  | Allan J. DeMars trustee comp | 2,046.84 | 2,046.84 |
|  | Allan J. DeMars expenses | 28.03 | 28.03 |
|  | Allan J. DeMars attorney's fees | 2,150.00 | 2,150.00 |
|  |  | 4,224.87 | 4,224.87 |
|  |  |  |  |
|  | PRIORITY |  |  |
| 24 | Department of the Treasury/IRS | 20,806.02 | 8,673.72 |
|  |  |  |  |
|  | UNSECURED |  |  |
| 1,16 | withdrawn |  |  |
| 2,3,4,5,6,7,8,9,10,11,12,13,14,15,17,18,19,20,21,22,23,24,25,26,27 | there will be no distribution to unsecured creditors | 733,858.77 | 0.00 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Exhibit D

# TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 18-11175
Case Name: ROBERT J. and KAREN E. SABO
Trustee Name: ALLAN J. DeMARS

**Balance on hand:** $12,898.59

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 | $0.00 |

Total to be paid to secured creditors: $0.00
Remaining balance: $12,898.59

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| Trustee, Fees | ALLAN J. DeMARS | $2,046.84 | $0.00 | $2,046.84 |
| Trustee, Expenses | ALLAN J. DeMARS | $28.03 | $0.00 | $28.03 |
| Attorney for Trustee, Fees | ALLAN J. DeMARS | $2,150.00 | $0.00 | $2,150.00 |
| Attorney for Trustee, Expenses | ALLAN J. DeMARS | $0.00 | $0.00 | $0.00 |
| Accountant for Trustee, Fees | | | | |
| Accountant for Trustee, Expenses | | | | |
| Auctioneer, Fees | | | | |
| Auctioneer, Expenses | | | | |
| Charges, | U.S. Bankruptcy Court | | | |
| Fees, | United States Trustee | | | |
| Other | | | | |

Total to be paid for chapter 7 administrative expenses : $4,224.87
Remaining balance: $8,673.72

UST Form 101-7-TFR (5/1/2011)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for         , Fees* | | | |
| *Attorney for         , Expenses* | | | |
| *Accountant for         , Fees* | | | |
| *Accountant for         , Expenses* | | | |
| Other | | | |

Total to be paid for prior chapter administrative expenses: $0.00

Remaining balance: $8,673.72

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $20,806.02 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 24 | Department of the Treasury/IRS | $20,806.02 | $0.00 | $8,673.72 |

Total to be paid for priority claims: $8,673.72

Remaining balance: $0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $733,858.77 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0 percent, plus interest (if applicable).

**UST Form 101-7-TFR (5/1/2011)**

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Ally Bank Lease Trust | $2,720.24 | $0.00 | $0.00 |
| 3 | Ally Bank Lease Trust | $1,787.94 | $0.00 | $0.00 |
| 4 | Consumers Credit Union | $2,563.67 | $0.00 | $0.00 |
| 5 | Discover Bank | $14,164.49 | $0.00 | $0.00 |
| 6 | Discover Bank | $14,667.28 | $0.00 | $0.00 |
| 7 | Midland Funding | $5,152.78 | $0.00 | $0.00 |
| 8 | Dept. Store Natl Bank | $4,573.03 | $0.00 | $0.00 |
| 9 | Amer Ex Natl Bank | $25,092.79 | $0.00 | $0.00 |
| 10 | Amer Ex Natl Bank | $4,513.08 | $0.00 | $0.00 |
| 11 | Edfinancial for US Dept of Education | $19,030.75 | $0.00 | $0.00 |
| 12 | Nicor Gas | $953.07 | $0.00 | $0.00 |
| 13 | Fifth Third Bank | $104,094.80 | $0.00 | $0.00 |
| 14 | US Dept of Education | $125,994.13 | $0.00 | $0.00 |
| 15 | US Dept of Education | $43,727.86 | $0.00 | $0.00 |
| 17 | Sabo Acceptance | $294,453.07 | $0.00 | $0.00 |
| 18 | Bank of America | $5,553.19 | $0.00 | $0.00 |
| 19 | Verizon | $2,471.35 | $0.00 | $0.00 |
| 20 | Bank of America | $1,842.62 | $0.00 | $0.00 |
| 21 | Nicor Gas | $1,010.01 | $0.00 | $0.00 |
| 22 | Midland Funding | $8,911.21 | $0.00 | $0.00 |
| 23 | LVNV Funding | $24,321.34 | $0.00 | $0.00 |
| 24 | Dept of the Treasury/IRS | $3,349.00 | $0.00 | $0.00 |
| 25 | Direct TV | $1,110.21 | $0.00 | $0.00 |
| 26 | Portfolio Recovery | $18,282.11 | $0.00 | $0.00 |
| 27 | TD Bank USA | $3,518.75 | $0.00 | $0.00 |

Total to be paid for timely general unsecured claims: $0.00
Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|

**UST Form 101-7-TFR (5/1/2011)**

    Total to be paid for tardy general unsecured claims:     $0.00
    Remaining balance:     $0.00

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be ___0___ percent, plus interest (if applicable).

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | *Allowed Amount of Claim* | *Interim Payments to Date* | *Proposed Payment* |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

    Total to be paid for subordinated claims:     $0.00
    Remaining balance:     $0.00

**UST Form 101-7-TFR (5/1/2011)**